# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

DESIGN BASICS, LLC,

      Plaintiff,

         v.

ALLAN BUILDERS, LLC, THE
VICTORY COMPANIES, INC.,
ALLAN CHARLES BARTELT,
JOHN H. STOKER, DARYL M.
PRUSOW, and DAVID H. PLUIM

      Defendants

Case No: _____

<u>JURY DEMANDED</u>

---

## *PLAINTIFFS' COMPLAINT FOR COPYRIGHT INFRINGEMENT*

---

      Plaintiffs, Design Basics, LLC (hereinafter, "DB") by its attorneys, Dana A. LeJune and Michael T. Hopkins, file this cause of action against the Defendants, Allan Builders, LLC ("AB"), Victory Companies, Inc. ("VCI"), Allan Charles Bartelt, Individually, ("Bartelt"), John H. Stoker, Individually, ("Stoker"), Daryl M. Prusow, Individually, ("Prusow"), and David H. Pluim, Individually, ("Pluim")(collectively, "Defendants") and shows:

## Jurisdiction and Venue

1.     The Court has subject matter jurisdiction in this action pursuant to 28 USC §1331 and §1338(a) as this case arises under the U.S. Copyright Act.

2.     Venue is proper in this Court pursuant to 28 USC §1400(a) as the Defendants reside and/or maintain a principal place of business in this District.

## Parties

3.     Plaintiff, DB is a Nebraska limited liability company engaged in the business of creating, publishing and licensing architectural plans and designs, with its principal office located in Omaha, Nebraska.

4.     The Defendant, AB is a for-profit Wisconsin company with its principal office located at N56W16688 Ridgewood Dr., Menomonee Falls, WI 53051-5657.   AB is in the business of marketing, construction and sales of residential houses.  Service of citation may be had upon Allan Builders, LLC by serving citation upon its Registered Agent, The Victory Companies, Inc. at N56W16688 Ridgewood Dr., Menomonee Falls, WI 53051-5657.

5.     The Defendant, VCI is a for-profit Wisconsin corporation with its principal office located at N56W16688 Ridgewood Dr., Menomonee Falls, WI 53051-5657. VCI is in the business of marketing, development, construction and sales of residential houses and subdivisions, and VCI is the parent company of the AB Defendant.  Service of citation may be had upon The Victory Companies, Inc.

Plaintiff's Original Complaint for
Copyright Infringement

by serving citation upon its Registered Agent, John H. Stoker at N56W16688 Ridgewood Dr., Menomonee Falls, WI 53051-5657 or such other place as he may be found.

6.     Defendant Bartelt is an individual residing in Naples, FL, who is the founder and former officer, director, manager and/or other principal of the Allan Defendant and may be served with citation at 194 Newport Dr., Apt 902, Naples, FL 34114, or such other place as he may be found.

7.     Defendant Stoker is an individual residing in Mequon, WI, who is an officer, director, manager and/or other principal of the entity Defendants and may be served with citation at 12939 N. Cobblestone CT, Mequon, WI 53097, N56W16688 Ridgewood Dr., Menomonee Falls, WI 53051-5657, or such other place as he may be found.

8.     Defendant Prusow is an individual residing in Pewaukee, WI, who is an officer, director, manager and/or other principal of the company Defendants and may be served with citation at W282N4325 Somerset Ln, Pewaukee, WI 53072, N56W16688 Ridgewood Dr., Menomonee Falls, WI 53051-5657, or such other place as he may be found.

9.     Defendant Pluim is an individual residing in Hartford, WI, who is an officer, director, manager and/or other principal of the company Defendants and may be served with citation at 1425 Mulberry St., Hartford, WI 53027,

Plaintiff's Original Complaint for
Copyright Infringement

N56W16688 Ridgewood Dr., Menomonee Falls, WI 53051-5657, or such other place as he may be found.

## Facts

10.     Since the early 1980's, DB has been a major publisher of home plan catalogs. With the advent of the internet, and through DB's marketing of its work through the publishing of its designs on its website and through its marketing partners, DB's designs have become ubiquitous in the marketplace.

11.     DB is the sole original author and owner of a large number of architectural works, including those entitled the "Chandler," the "Fraser," the "Grant," the "Bellamy," and the "Greystone Place."

12.     **Exhibit 1** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "Chandler."

13.     **Exhibit 2** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "Fraser."

14.     **Exhibit 3** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "Grant."

15.     **Exhibit 4** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "Bellamy."

16.     **Exhibit 5** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "Greystone Place."

Plaintiff's Original Complaint for
Copyright Infringement

17.     On or about December 6, 2012 DB first became aware that the Defendants had violated their copyrights in one or more distinct ways. On said date, DB saw several infringements of their works on Defendants' website, www.allanbuilders.com and preserved them by making screen captures (**Exhibit 6**).  The works discovered at that time were:

    **a.** DB's "Chandler," which Defendants refer to as "Roxbury I;"

    **b.** DB's "Chandler," which Defendants also refer to as "Roxbury II;"

    **c.** DB's "Fraser," which Defendants refer to as "Chateau;"

    **d.** DB's "Grant," which Defendants refer to as "Belmont Cape;"

    **e.** DB's "Bellamy," which Defendants refer to as "Jackson Cape;" and

    **f.** DB's "Greystone Place," which Defendants refer to as "Jefferson A."

18.     Additionally, one or more of the Defendants received three (3) plan design catalogs from DB between April 13, 1993 and December 15, 2006, and Defendant Allan has licensed the "Kingsbury" plan from DB (**Exhibit 7**). However, when DB checked its records, it found that DB had never licensed any of the accused plans to any of the Defendants.

19.     In addition to posting infringing copies of DB's copyright protected works on  Defendant Allan's website for purposes of advertising, marketing and promotion, on information and belief, one or more of the Defendants, realized

Plaintiff's Original Complaint for
Copyright Infringement

profit attributable to the construction of one or more three-dimensional infringing copies (houses) of these works.

20.     Each three-dimensional copy constructed by Defendants as alleged in paragraph 17 (a) – (f) above constitutes a derivative work infringing Plaintiff's copyright-protected works in violation of 17 U.S.C. §§106(2) and 501.

21.     Inasmuch as VCI is the parent company of the entity Defendant AB, and/or otherwise had control of it, VCI had the right and ability to supervise AB's infringing activities and/or directly benefited therefrom by providing real estate development, management, appraisal, advertising, marketing, sales and/or other services in furtherance of AB's marketing, construction, and/or sales of said infringing houses. Accordingly, VCI is liable to DB as a joint and/or contributory infringer, or is otherwise vicariously liable.

22.     Inasmuch as Bartelt was the principal and/or manager of the entity Defendant AB, and/or otherwise had control of it, at the time AB first infringed DB's works – and because Bartelt was the individual who ordered and/or received design catalogs from DB, as reflected on DB's order history (**See Exhibit 7**) – Bartelt had knowledge of AB's infringing activities and/or benefited therefrom by providing real estate, development, management, appraisal, advertising, marketing, sales and/or other services in furtherance of AB's marketing, construction, and/or sales of said infringing houses.

Plaintiff's Original Complaint for
Copyright Infringement

23.     Inasmuch as Stoker, Prusow, and Pluim are the current principals and/or managers of the entity Defendants, or otherwise had control of them, they had knowledge of their infringing activities, and/or benefited there from by providing real estate development, management, appraisal, advertising, marketing, sales and/or other services in furtherance of the corporate Defendants' marketing, construction, and/or sales of said infringing houses.

24.     The conduct of the entity Defendants described above, was performed or accomplished through the direction, control and conduct of Bartelt, Stoker, Prusow, and/or Pluim personally, as owners, officers, directors and/or managers of the entity Defendants. Bartelt, Stoker, Prusow, and/or Pluim had the ability to prevent the Defendant entities from infringing DB's works, and/or to stop the infringements once they began. Additionally, Bartelt, Stoker, Prusow, and/or Pluim received pecuniary benefit from the acts of infringement by the entity Defendants. Accordingly, Bartelt, Stoker, Prusow, and/or Pluim are personally liable to DB as joint and/or contributory infringers, or are otherwise vicariously liable.

25.     **The illicit acts of the Defendants, described in paragraphs 17 through 24 above** were done without permission or license from DB, and are in violation of DB's exclusive copyrights in said works.

Plaintiff's Original Complaint for
Copyright Infringement

26.    Upon information and belief, Defendants have infringed DB's copyrights in other original architectural works, the scope and breadth of which infringing activities will be ascertained during the course of discovery.

## Causes of Action for Non-Willful Copyright Infringement
### Count One

27.    DB re-alleges and **incorporates paragraphs 10 through 26 above** as if fully set forth herein

28.    Defendants, without knowledge or intent, **infringed DB's copyrights in one or more of DB's works identified and described in paragraphs 11 through  17** above, by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

### Count Two

29.    DB re-alleges and **incorporates paragraphs 10 through 26 above** as if fully set forth herein.

30.    Defendants, without knowledge or intent, infringed DB's copyrights in one or more of **DB's works identified and described in paragraphs 11 through 17** above by publicly displaying, on their web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies or derivatives thereof,

Case 2:15-cv-01402-RTR   Filed 11/23/15   Page 8 of 15   Document 1

in violation of 17 U.S.C. §106(5), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

## Count Three

31.    DB re-alleges and **incorporates paragraphs 10 through 26 above** as if fully set forth herein.

32.    Defendants, without knowledge or intent, infringed DB's copyrights in one or more of **DB's works identified and described in paragraphs 11 through 17** above by creating derivatives of Plaintiff's works in the form of two dimensional plans and fully constructed residences, in violation of 17 U.S.C. §106(2), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

## Count Four

33.    DB re-alleges and **incorporates paragraphs 10 through 26 above** as if fully set forth herein.

34.    Defendants, without knowledge or intent, infringed on one or more of **Plaintiff's copyrighted works identified and described in paragraphs 11 through 17 above by advertising, marketing and/or selling one or more houses based upon copies or derivatives of said works**, in violation of 17 U.S.C. §106(3), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

Plaintiff's Original Complaint for
Copyright Infringement

## Alternative Causes of Action for Willful Copyright Infringement
## Count Five

35.     DB re-alleges and incorporates **paragraphs 10 through 34** above as if fully set forth herein.

36.     Alternatively, Defendants willfully infringed DB's copyrights in one or more of **DB's works identified and described in paragraphs 11 through 17** above  by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and on information and belief have done so with others of DB's works which are as yet undiscovered.

## Count Six

37.     DB re-alleges and incorporates **paragraphs 10 through 34** above as if fully set forth herein.   Alternatively, Defendants willfully infringed DB's copyrights in one or more of **DB's works identified and described in paragraphs 11 through 17 above by publicly displaying, on their web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies or derivatives thereof,** in violation of 17 U.S.C. §106(5), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

Plaintiff's Original Complaint for
Copyright Infringement

## Count Seven

38.     DB re-alleges and incorporates **paragraphs 10 through 34 above** as if fully set forth herein.

39.     Alternatively, Defendants willfully infringed DB's copyrights in one or more of DB's works identified and described in **paragraphs 11 through 17 above by creating derivatives therefrom in the form of two dimensional plans and fully constructed residences** in violation of 17 U.S.C. §106(2), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

## Count Eight

40.     DB re-alleges and incorporates **paragraphs 10 through 34 above** as if fully set forth herein.

41.     Alternatively, Defendants willfully infringed DB's copyrights in one or more of **DB's works identified and described in paragraphs 11 through 17 above** by advertising, marketing and/or selling one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(3) and on information and belief, have done so with others of their works which are as yet undiscovered.

## Violations of DMCA § 1202
## Count Nine

42.    DB re-alleges and incorporates **paragraphs 10 through 34 above** as if fully set forth herein.    Additionally and alternatively, one or more of the Defendants violated §1202 *et seq.* of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §1202.

43.    In creating the drawings identified above, one or more of said Defendants intentionally removed and omitted DB's copyright management information, or had them removed or omitted from copies of DB's works.

44.    One or more of the Defendants thereafter distributed copies or derivatives of such works knowing that such copyright management information had been removed or omitted without authorization.

45.    At the time said Defendants removed DB's copyright management information from copies of their works, and at the time they distributed copies of the works from which the copyright management information had been removed or omitted, said Defendants knew or had reasonable grounds to know that such behavior would induce, enable, facilitate or conceal the infringement of DB's copyrights.

Case 2:15-cv-01402-RTR   Filed 11/23/15   Page 12 of 15   Document 1

46. DB is entitled and seeks to recover from Defendants statutory damages not exceeding $25,000 for each act committed in violation of their rights under 17 U.S.C. §1202, *et seq*.

47. Pursuant to 17 U.S.C. §1203(b)(5), DB is entitled to and seeks to recover their reasonable attorneys' fees.

## Conclusion and Prayer

WHEREFORE, DB demands that judgment be entered in their favor and against the Defendants jointly and severally, as follows:

A. For an accounting by Defendants of their activities in connection with their infringements of DB's copyrights in and to the above-described works, as well as of the gross profits and revenue attributable to their infringement(s);

B. For DB's actual damages, in an amount to be determined at trial;

C. For Defendants' direct and indirect profits attributable to their infringements, including but not limited to those direct and indirect profits derived from the construction, advertising, promotion, marketing, appraisal and sale of infringing structures in an amount to be determined at trial;

D. In the alternative, at DB's option an award of statutory damages in lieu of actual damages for the infringement of any one or more of their works described above, in an amount to be determined at trial;

E. An award of statutory damages for each and every violation by Defendants of the DMCA, 17 U.S.C. §1202, *et seq*.;

F. DB's actual attorney fees, court costs, taxable costs, and the cost associated with the retention, preparation and testimony of expert witnesses;

G. For both temporary and permanent injunctions barring Defendants, their agents, employees and/or servants, from infringing DB's

Plaintiff's Original Complaint for
Copyright Infringement

copyrights in any manner whatsoever, including the advertising, marketing, construction, and sale of infringing structures, and further barring said Defendants from publishing through any visual media, and from selling, marketing or otherwise distributing copies of DB's plans and/or derivatives thereof;

H.    An order requiring Defendants to produce, for impounding during the pendency of this action and for destruction thereafter, all house plans and elevations which infringe DB's copyrights, including all photographs, blueprints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all machines and devices by which such infringing copies may be reproduced, viewed or disseminated, which are in the possession of, or under the direct or indirect control of the Defendants;

I.    An order permanently enjoining the current owners of all infringing structures sold by Defendants from leasing, renting, selling and/or otherwise placing into the stream of commerce the infringing structures, based upon the application of the first sale doctrine; and

J.    For such other relief as the Court determines to be just and equitable.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY AND TENDERS THE REQUISITE JURY FEE.

Date: November 23, 2015                    **LEJUNE LAW FIRM**

                                           By:    /S/ **Dana A. LeJune**
                                                  Dana A. LeJune
                                                  Texas Bar No.: 12188250
                                                  email: dlejune@triallawyers.net
                                                  6525 Washington Avenue
                                                  Suite 300
                                                  Houston, Texas 77007
                                                  Tel:  713.942.9898 Telephone
                                                  Fax: 713.942.9899 Facsimile

Plaintiff's Original Complaint for
Copyright Infringement

and

**HOPKINS McCARTHY LLC**

By:   <u>/S/Michael T. Hopkins</u>
       Michael T. Hopkins
       SBN: 1014792
       email: mth@ip-lit.us
       757 N. Broadway, Suite 201
       Milwaukee, WI  53202
       Tel/Fax: 866-735-0515

       *ATTORNEYS FOR PLAINTIFF*

Plaintiff's Original Complaint for
Copyright Infringement